■ FLUSHING NATIONAL BANK, Respondent-Appellant, v REGIS B. O'NEIL, JR., et al., Appellants-Respondents, et al., Defendants. — In an action to foreclose a mortgage, defendants Regis B. O'Neil, Jr. and Joan O'Neil appeal and plaintiff cross-appeals from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered January 27, 1983, which granted plaintiff a judgment of foreclosure but did not grant plaintiff attorney's fees and expenses, and plaintiff further appeals from an order of the same court, dated March 15, 1983, which, upon deeming its motion for reargument to be one for resettlement of the judgment, denied the motion.

Cross appeal by plaintiff from so much of the judgment as denied it reasonable attorney's fees and expenses dismissed, without costs or disbursements. The notice of cross appeal was untimely (CPLR 5513).

Appeal by plaintiff from the order dismissed, without costs or disbursements. No appeal lies from an order denying reargument or resettlement.

Judgment affirmed, insofar as appealed from by the O'Neils, without costs or disbursements.

On October 3, 1975, O'Neil Planning Group Associates, Inc., by its president Regis B. O'Neil, Jr. — one of the defendants herein — executed and delivered to plaintiff a promissory note in exchange for a loan of $60,000. The note provided, *inter alia,* for repayment of the loan in monthly installments of $800, commencing November 1, 1975 until October 1, 1980, at which time the balance would become due. Interest on the unpaid balance was to be computed monthly at a variable rate which

was to be 7% higher than the prime rate charged by First National City Bank of New York, but in no event less than 15% nor more than 24% per annum. Simultaneous with the execution of the note, defendants Regis B. O'Neil, Jr. and Joan O'Neil executed and delivered a personal guarantee for repayment of the debt. As collateral security for the guarantee, these defendants also executed and delivered to plaintiff a demand mortgage note and mortgage on their home, the latter of which is the subject of this action. Both the mortgage and the mortgage note recite that the obligation is the sum of $60,000, with interest at the rate of 7½% per year.

As of October 27, 1980, the corporation owed plaintiff $22,240.66 on the note. Following a demand upon the O'Neils for payment of this amount, plaintiff commenced this action to foreclose the mortgage. In defense of the action the O'Neils asserted, *inter alia,* that the obligation under the mortgage note and mortgage had been satisfied.

While the record indicates that the underlying corporate obligation had been reduced by a regular course of payment to the amount indicated, there is no indication whatever that any of the payments had been made by the O'Neils in their capacity as guarantors or that they had been made in satisfaction of the mortgage and note. Rather, the record indicates that the demand for payment which led to the instant action represented the first time that the plaintiff had ever called upon the O'Neils as guarantors to make payments in satisfaction of the corporate obligation.

Further, it is clear that under the terms of the guarantee, the O'Neils were liable for the entire amount of the corporate debt, including the amount to become due and owing, and that their obligation under the guarantee was secured by the mortgage and mortgage note given as collateral. While that collateral was limited collateral, because, unlike the guarantee, it was not equivalent to the full value of the corporation's obligation, it was nonetheless sufficient to secure the amount due at the time of the demand made by plaintiff upon the O'Neils pursuant to the guarantee. There is nothing in the parties' agreement which would indicate, as the O'Neils suggest, that, as the amount of the corporate obligation was reduced, the amount of the collateral was also to be reduced. The collateral was given as security for the guarantee. Therefore, when the corporation defaulted on its obligation and the O'Neils failed to satisfy the debt pursuant to the guarantee, the plaintiff had available to it the full collateral out of which to seek payment. Thus, the defense of payment, which was based upon payment of a portion of the

underlying corporate debt, was not a proper defense to this action for foreclosure. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.